I agree with Judge Hall that the evidence was properly received. I also agree with him that the affidavit for the removal of the cause was insufficient, in not stating the grounds of the deponent's belief that a fair and impartial trial could not be had in the county of Burke, (261) according to the express directions of the act of 1808. But had any grounds for such belief been contained in the affidavit, this Court could not interfere, although it might think that the grounds were insufficient; for it is matter of discretion. Therefore, the trial in Lincoln was coram non judice, and no judgment can be pronounced thereon.
It is objected that it should have been alleged to be a note of a chartered or incorporated bank within this State, or one of the United *Page 149 
States, or one of the territories thereof; but I am of opinion that the word bank, in the act of 1819, under which the defendant is indicted, means an unincorporated or unchartered bank as well as an incorporated or chartered one. For to the establishment of a bank an act of incorporation is not absolutely necessary. It may be established by an individual or a private association of individuals. An act of incorporation is necessary only for the purpose of conferring corporate rights. It is without it a bank. I am the more confirmed in this opinion by the fact of the Legislature's being appraised of there being many unchartered or unincorporated banks within the United States, and also by the words of the act, which are, bank or corporation within the State, or any of the United States, and not of the State or any of the United States. Nor do I think the words bank and incorporation are used as synonymous terms, for the Legislature was also aware that there were corporations within the United States (which were not incorporated as banks) which issue notes, to wit, the Bridge Company in Georgia and the Manhattan Company in New York. At the same time I confess that there must be an averment in this case that there is such a bank as the Farmers Bank of Virginia. For the passing of a note which upon its face purports to be issued by a bank which in facthas no existence is not an offense within the act; and as everything which is required to be proved upon the trial must be averred, and nothing else is necessary, it follows that it should be averred; but I think in this case it is averred. It is charged that the (262) defendant passed a note purporting to be issued by the president, directors, and company of the Farmers Bank of Virginia. To support such a charge, it must be shown that there is such a bank as the one mentioned. I therefore think the indictment is not defective in this. I think the indictment also should not only have set forth the tenor of the bill, but have professed so to do. For the verdict of the jury can only affirm the charges in the bill, and without such charge the court cannot judicially know that it is the tenor. In this case we are told in the bill that it is the substance only — that substance (for aught we know) may differ from the tenor.
There are many other objections taken to the indictment, but it is unnecessary to notice them, as I am well satisfied that the cause was improperly removed from Burke to Lincoln, and that the trial in the latter county was a perfect nullity. Therefore no judgment can be pronounced.
I wish it to be understood that I give no positive opinion on any of *Page 150 
the objections raised on the motion in arrest of judgment, except the removal of this cause from Burke to Lincoln.